UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

**NESTOR HERNANDEZ VILLA,**

    **Plaintiff,**

v.                                                    **Case No. 25-CV-1983**

**LEONARDO JAIME,**

    **Defendant.**

## COMPLAINT

### JURISDICTION AND VENUE

1. The Court has original jurisdiction over Plaintiff's FLSA claims under 28 U.S.C. § 1331. The Court has supplemental jurisdiction over Plaintiff's state-law claims under 28 U.S.C. § 1367 because those claims are part of the same case or controversy as Plaintiff's FLSA claims.

2. Venue is proper in the United States District Court for the Eastern District of Wisconsin under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this district.

### PARTIES

3. Plaintiff Nestor Hernandez Villa ("Plaintiff") is an adult resident of Lake County in the State of Illinois.

4. Defendant Leonardo Jaime ("Defendant") operates Lions Auto Glass, an unincorporated sole proprietorship, located and doing business at 4029 13th Avenue, Kenosha, Wisconsin, 53140.

5. On information and belief, Defendant does $500,000 or more in business annually.

6. Defendant Leonardo Jaime is an adult resident of Illinois. On information and belief, Defendant Leonardo Jaime owns Lions Auto Glass. As such, Defendant Leonardo Jaime acted directly or indirectly in the interest of Lions Auto Glass in relation to Plaintiff.

## FACTUAL ALLEGATIONS

7. Plaintiff was employed by Defendant as an installer from 2006 until March 2025.

8. In that role, Plaintiff repaired car windshields and car windows.

9. From December 1, 2022, through the end of Plaintiff's employment, Defendant agreed to pay Plaintiff $200 per day for all hours worked by Plaintiff.

10. From December 1, 2022, Plaintiff consistently worked more than forty hours per week for Defendant.

11. Despite working more than forty hours per week, Defendant failed to pay Plaintiff overtime premium compensation for each hour over forty in a workweek.

12. Plaintiff had a set schedule of working Monday through Friday from 8:00 AM to 5:00 PM, and Saturday from 8:00 AM to 1:00 PM.

13. Plaintiff was scheduled and regularly worked at least 51 hours each workweek while employed by Defendant.

14. As an example, between February 3, 2025 and February 8, 2025, Plaintiff worked 55 hours for Defendant, of which 15 hours were overtime hours. Defendant paid Plaintiff $1,200 for the 55 hours or $21.82 per hour. Defendant failed to pay $164.18 in overtime premium compensation in this pay period.

15. Defendant Leonardo Jaime had and continues to have control over the day-to-day operations of Lions Auto Glass.

16. Defendant Leonardo Jaime had and continues to have control over the human resources and compensation aspects of Lion Auto Glass, including those compensation policies and practices alleged herein a they relate to Plaintiff.

17. Defendant Leonardo Jaime determined the rates and methods of compensation for Plaintiff and determined that Plaintiff would not be paid overtime premium compensation when Plaintiff worked more than forty hours in a workweek.

**FIRST CLAIM FOR RELIEF:**
**FAILURE TO PAY OVERTIME WAGES IN VIOLATION OF THE FAIR LABOR STANDARDS ACT**

18. Plaintiff alleges and incorporates by reference the allegations in the preceding paragraphs.

19. Defendant was an enterprise engaged in commerce within in the meaning of 29 U.S.C. § 203(s)(1).

20. Defendant has been, and continue to be, an employer within the meaning of 29 U.S.C. § 203(d).

3

21. Plaintiff was an employee of Defendant within the meaning of 29 U.S.C. § 203(e).

22. The FLSA requires employers to compensate all non-exempt employees at a rate of not less than one-and-one-half times their regular rate of pay for work performed in excess of forty hours per workweek.

23. Plaintiff is not exempt from the overtime pay requirements of the FLSA.

24. Defendant did not pay Plaintiff overtime wages for work performed in excess of forty hours per week.

25. The foregoing practice violates the FLSA.

26. Defendant's violation of the FLSA was willful.

27. Plaintiff suffered wage loss because of this violation.

### SECOND CLAIM FOR RELIEF: FAILURE TO PAY OVERTIME WAGES IN VIOLATION OF THE WISCONSIN LAW

28. Plaintiff alleges and incorporates by reference the allegations in the preceding paragraphs.

29. Defendant has been, and continue to be, an employer within the meaning of Wis. Stat. §§ 103.001(6) and 109.01(2).

30. Plaintiff was an employee of Defendant within the meaning of Wis. Stat. §§ 103.001(5) and 109.01(1r).

31. Wisconsin law requires employers to compensate all non-exempt employees at a rate of not less than one-and-one-half times their regular rate of pay for work performed in excess of forty hours per workweek.

32. Plaintiff is not exempt from the overtime pay requirements of Wisconsin law.

33. Defendant did not pay Plaintiff overtime wages for work performed in excess of forty hours per week.

34. The foregoing practice violates Wisconsin law.

35. Defendant's violation of Wisconsin law was for dilatory or unjust reasons.

36. Plaintiff suffered wage loss because of this violation.

ACCORDINGLY, Plaintiff demands the following relief:

A. Judgment against Defendant in an amount equal to unpaid wages at the applicable overtime rates owed to Plaintiff, as well as the damages Plaintiff suffered because of Defendant' failure.

B. An award in the amount of all liquidated damages and civil penalties as provided under the FLSA and Wisconsin law;

C. An award in the amount of all costs and attorneys' fees incurred in prosecuting these claims; and

D. Such further relief as the Court deems just and equitable.

Dated this 1st day of December, 2025.

                                                  s/ LARRY A. JOHNSON
                                                  Larry A. Johnson Bar Number 1056619

Martha L. Burke Bar Number 1121510
Attorneys for Plaintiff

Hawks Quindel, S.C.
5150 North Port Washington Road, Suite 243
Milwaukee, WI 53217
Telephone: (414) 271-8650
Fax: (414) 207-6079
E-mail: ljohnson@hq-law.com
       mburke@hq-law.com